**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARID RUIZ, individually, and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| LIVING INTENTIONS, LLC | |
| Defendant. | |

Plaintiff CHARID RUIZ (herein "Plaintiff RUIZ" or "Plaintiff"), individually and on behalf of all other persons similarly situated, by and through their undersigned attorneys, pursuant to this Class Action Complaint against LIVING INTENTIONS, LLC, allege the following:

## NATURE OF THE ACTION

1.     This is a consumer protection action arising out of deceptive and otherwise improper business practices that LIVING INTENTIONS, LLC, (hereinafter "Defendant"), engages in with respect to the labeling of their Activated Superfood Nut Blend White Chocolate (the "Product""). *See* **Exhibit A**. The Product is marketed extensively throughout the United States, numerous retail stores, and on Defendant's online websites.

is marketed extensively throughout the United States, numerous retail stores, and on Defendant's online websites.

2.     The Product is advertised and sold to mislead consumers into believing that it contains white chocolate, when it, in fact, does not. *See* **Exhibit B.** Accordingly, the Product violates the New York State laws with the same scope as the Federal Food Drug & Cosmetic Act ("FDCA"). Consumers are misled as to the content of the Product and the Product is misbranded.

3.     Plaintiff and Class members viewed Defendant's misleading labels, and reasonably relied, in substantial part, on the representations that they contain real white chocolate. Plaintiff and Class members were thereby deceived into purchasing a more inferior product than they had bargained for.

4.     Upon information and belief, Defendant continues to sell the misbranded Products.

5.     Plaintiff brings this proposed consumer class action on behalf of themselves and all other persons nationwide, who from the applicable limitations period up to and including the present (the "Class Period"), purchased the Product for consumption and not for resale.

6.     During the Class Period, Defendant purposely manufactured, marketed and sold the mislabeled Product throughout the United States.

7.     Defendant violates statutes enacted in each of the fifty states and the District of Columbia that are designed to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising. These statutes are:

    *a.*    Alabama Deceptive Trade Practices Act, Ala. Statues Ann. § 8-19-1, *et seq.*;

    *b.*    Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et seq.*;

c.     Arizona Consumer Fraud Act, Arizona Revised Statutes, § 44-1521, *et seq.*;

d.     Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et seq.*;

e.     California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.,* and California's Unfair Competition Law, Cal. Bus. & Prof Code § 17200, *et seq.*;

f.     Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*;

g.     Connecticut Unfair Trade Practices Act, Conn. Gen. Stat § 42-110a, *et seq.*;

h.     Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et seq.*;

i.     District of Columbia Consumer Protection Procedures Act, D.C. Code § 28 3901, *et seq.*;

j.     Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.*;

k.     Georgia Fair Business Practices Act, § 10-1-390 *et seq.*;

l.     Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statues § 480 1, *et seq.,* and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statutes § 481A-1, *et seq.*;

m.     Idaho Consumer Protection Act, Idaho Code § 48-601, *et seq.*;

n.     Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq.*;

o.     Indiana Deceptive Consumer Sales Act, Indiana Code Ann. § 24-5-0.5-0.1, *et seq.*;

p.     Iowa Consumer Fraud Act, Iowa Code § 714.16, *et seq.*;

q.     Kansas Consumer Protection Act, Kan. Stat. Ann § 50-626, *et seq.*;

r.     Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110, *et seq.,* and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann § 365.020, *et seq.*;

s.     Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. § § 51:1401, *et seq.*;

t.     Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et seq,,* and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et seq.,*

u.     Maryland Consumer Protection Act, Md. Com. Law Code § 13-101, *et seq.*;

v.     Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A;

w.     Michigan Consumer Protection Act, § 445.901, *et seq.*;

x.   Minnesota Prevention of Consumer Fraud Act, Minn. Stat § 325F.68, *et seq.*, and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et seq.*;

y.   Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq.*;

z.   Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.;*

aa.  Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code § 30-14-101, *et seq.*;

bb.  Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59 1601, *et seq.,* and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et seq.*;

cc.  Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. § 598.0903, *et seq.*;

dd.  New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et seq.*;

ee.  New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8 *1, et seq.*;

ff.  New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57 12 *1, et seq.*;

gg.  New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349, *et seq.*;

hh.  North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et seq.*;

ii.  North Carolina Unfair and Deceptive Trade Practices Act, North Carolina General Statutes § 75-1, *et seq.*;

jj.  Ohio Deceptive Trade Practices Act, Ohio Rev. Code. Ann. § 4165.01. *et seq.*;

kk.  Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et seq.*;

ll.  Oregon Unfair Trade Practices Act, Rev. Stat § 646.605, *et seq.*;

mm.  Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Penn. Stat. Ann. § 201-1, *et seq.*;

nn.  Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1, *et seq.*;

oo.  South Carolina Unfair Trade Practices Act, S.C. Code Laws § 39-5-10, *et seq.*;

pp.  South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws § 37 24 *1, et seq.*;

qq.  Tennessee Trade Practices Act, Tennessee Code Annotated § 47-25-101, *et seq.*;

rr.  Texas Stat. Ann. § 17.41, *et seq.,* Texas Deceptive Trade Practices Act, *et seq.*;

*ss.* Utah Unfair Practices Act, Utah Code Ann. § 13-5-1, *et seq.*;

*tt.* Vermont Consumer Fraud Act, Vt. Stat. Ann. tit.9, § 2451, *et seq.*;

*uu.* Virginia Consumer Protection Act, Virginia Code Ann. § 59.1-196, *et seq.*;

*vv.* Washington Consumer Fraud Act, Wash. Rev, Code § 19.86.010, *et seq.*;

*ww.* West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et seq.*;

*xx.* Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100. 18, *et seq.*;

*yy.* Wyoming Consumer Protection Act, Wyoming Stat. Ann. § 40-12-101, *et seq.*

8. Defendant has deceived Plaintiff and other consumers nationwide by misbranding their Product, inducing Plaintiff and Class members to reasonably rely on Defendant's misrepresentations, and purchase Product they would not have purchased otherwise. Defendant has collected millions of dollars from the sale of their Product, which they would not have otherwise earned, through these unfair and deceptive practices. Plaintiff brings this action to stop Defendant's misleading practices.

9. Plaintiff does not seek to contest or enforce any state law that has requirements beyond those required by federal laws or regulations.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. *See* 28 U.S.C. § 1332(d)(2).

11. The Court has jurisdiction over the federal claims alleged herein pursuant to 28 U.S.C § 1331 because they arise under the laws of the United States.

12.     The Court has jurisdiction over the state law claims because they form part of the same case or controversy under Article III of the United States Constitution.

13.     Alternatively, the Court has jurisdiction over all claims alleged herein pursuant to 28 U.S.C § 1332 because the matter in controversy exceeds the sum or value of $5,000,000 and is between citizens of different states.

14.     The Court has personal jurisdiction over Defendant because their Product is designed, manufactured, advertised, marketed, distributed and sold throughout New York State; Defendant engages in the wrongdoing alleged in this Complaint throughout the United States, including in New York. Defendant is authorized to do business in New York State. Defendant has sufficient minimum contacts with New York and/or otherwise has intentionally availed itself of the markets in New York, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant engages in substantial and not isolated activity within New York.

15.     Venue is proper in this district pursuant to 28 U.S.C § 1391(a) and (b) because a substantial part of the events giving rise to Plaintiff RUIZ'S claims occurred in this District, and Defendant is subject to personal jurisdiction in this District. Plaintiff RUIZ purchased Defendant's Products in Bronx, New York. Moreover, Defendant markets and sells the Product, which are the subject of the present Complaint, in this District.

## PARTIES

*Plaintiff*

16.     Plaintiff RUIZ is, and at all times relevant hereto has been, a citizen of New York and a resident of Bronx County. On July 24, 2018, Plaintiff RUIZ purchased an Activated Superfood Nut Blend White Chocolate Product from Amazon for $8.95.

17.     Plaintiff RUIZ purchased the Product in reliance on the online label representations that the Product contained white chocolate. The phrase "White Chocolate" implicitly promises to consumers that the Product contains white chocolate when it, in fact, does not. Plaintiff RUIZ was injured when they were denied the benefit of their bargain. Should Plaintiff RUIZ encounter the Product in the future, they could not rely on the truthfulness of the packaging, absent corrective changes to the packaging.

***Defendant***

18.     LIVING INTENTIONS, LLC is a limited liability company organized under the laws of California, with its headquarters and address for service of process at 250 S Garrard Blvd, Richmond, CA 94801.

19.     Defendant distributes, markets and sells their Product throughout the fifty states and the District of Columbia. The labeling, packaging, and advertising for the Product, relied upon by Plaintiff, were prepared and/or approved by Defendant and its agents, and were disseminated by Defendant and its agents through advertising containing the misrepresentations alleged herein. Such labeling, packaging and advertising were designed to encourage consumers to purchase the Products, and misled the reasonable consumer, i.e. Plaintiff and the Class, into purchasing the Product. Defendant owns, markets and distributes the Products, and creates and/or authorizes the unlawful, fraudulent, unfair, misleading and/or deceptive labeling, packaging and advertising for the Products.

# FACTUAL ALLEGATIONS
## Defendant's Products Do Not Contain Real White Chocolate

20.    "White chocolate" signifies only one thing: a confection that contains cocoa butter, dairy ingredients, and a sweetener.[1] "White chocolate" has always colloquially identified a product with these ingredients.

The FDA defines white chocolate as follows:

(a) Description. (1) White chocolate is the solid or semiplastic food prepared by intimately mixing and grinding cacao fat with one or more of the optional dairy ingredients specified in paragraph (b)(2) of this section and one or more optional nutritive carbohydrate sweeteners and may contain one or more of the other optional ingredients specified in paragraph (b) of this section. White chocolate shall be free of coloring material.

[b](2) Dairy ingredients:

(i) Cream, milkfat, butter;

(ii) Milk, dry whole milk, concentrated milk, evaporated milk, sweetened condensed milk;

(iii) Skim milk, concentrated skim milk, evaporated skim milk, sweetened condensed skim milk, nonfat dry milk;

(iv) Concentrated buttermilk, dried buttermilk; and

(v) Malted milk;

21 CFR § 163.124.

---

[1] White chocolate may also include other ingredients such flavorings or an emulsifier to hold it together. White chocolate does not include the non-fat solids of cacao beans.

21.     Real white chocolate's flavor is partially imparted by milkfat. Accordingly, U.S.,[2] Canadian,[3] and European[4] regulators all define white chocolate as having at least 3.5% milkfat. The imitation white chocolate in the Product does not have milkfat or any of the specified ingredients in section (b)(2), as required.

## Federal Law Prohibits Misbranded Foods Such as Defendant's Products

22.     All Federal law, agency regulation, and state law identically prohibit Defendant's misleading labeling practices.

23.     Under the FDCA, 21 U.S.C. § 343(c), a food shall be deemed to be misbranded "[i]f it is an imitation of another food, unless its label bears, in type of uniform size and prominence, the word "imitation" and, immediately thereafter, the name of the food imitated." The Products are misbranded regardless of whether or not Defendant intended to mislead consumers: "FDA advises that the term "misleading" does not require any clear implication regarding intent." 58 FR 64123, 64128.

## State Laws Mirror and Incorporate Federal Law and FDA Regulations

24.     Food labeling laws and regulations of the fifty states and the District of Columbia impose requirements which mirror and incorporate federal law.

25.     New York State law broadly prohibits the misbranding of food in language identical to that found in regulations promulgated pursuant to the FDCA § 403, 21 U.S.C. 343. Under New York Agm. Law § 201, the law specifically provides that "[f]ood shall be deemed to be misbranded …If it is an imitation of another food, unless its label bears the word "imitation" and immediately thereafter the name of

---

[2] 21 CFR § 163.124(a)(2).
[3] C.R.C., c. 870, Section B.04.009(a)(iii).
[4] Directive 2000/36/EC of the European Parliament and of the Council of 23 June 2000 relating to cocoa and chocolate products intended for human consumption, Annex I, A(6).

the food imitated in type of uniform size and equal prominence, followed by a statement showing the constituents thereof."

26.     Courts have noted the incorporation of FDA regulations into New York law in evaluating claims brought under NY GBL § 349. *See Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG) (RML), 2010 U.S. Dist. LEXIS 73156, at *13 (E.D.N.Y. July 21, 2010) ("New York's Agriculture and Marketing law similarly provides in relevant part that food shall be deemed misbranded '[i]f its labeling is false or misleading in any particular, and incorporates the FDCA's labeling provisions."); *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-cv-04697 (CM), 2016 U.S. Dist. LEXIS 149795, at *11 (S.D.N.Y. Oct. 26, 2016) ("Here [in a slack-fill case brought under NY GBL § 349], New York law expressly incorporates the standard imposed by the FDCA."); *N. Am. Olive Oil Ass'n v. Kangadis Food Inc.*, 962 F. Supp. 2d 514, 519 (S.D.N.Y. 2013) (evaluating claims under New York Gen. Bus. Law §§ 349 and 350 and finding that "New York law deems any product or label that fails to conform to [New York Agm. Law] definitions 'adulterated' or 'misbranded,' and thus unlawful.").

27.     New York Agm. Law § 201 specifically provides that "[f]ood shall be deemed to be misbranded … If it is an imitation of another food, unless its label bears the word "imitation" and immediately thereafter the name of the food imitated in type of uniform size and equal prominence, followed by a statement showing the constituents thereof" Moreover, Part 259.1 of Title 1 of the New York Codes, Rules and Regulations of the State of New York (1 NYCRR § 259.1), incorporates by reference the regulatory requirements for food labeling under the FDCA:

> For the purpose of the enforcement of article 17 of the Agriculture and Markets Law, and except where in conflict with the statutes of this State or with rules and regulations promulgated by the commissioner, the commissioner hereby adopts the current regulations as they appear in title 21 of the *Code of Federal Regulations* (revised as of April 1,

2013) … in the area of food packaging and labeling as follows: … (2) Part 100 of title 21 of the *Code of Federal Regulations* [21 C.F.R. 100 *et seq.*], containing Federal definitions and standards for food packaging and labeling *General* at pages 5-10….

1 NYCRR § 259.1(a)(2).

### Defendant's Misleading Packaging Practices Would Deceive, be Material to, and be Relied Upon By, a Reasonable Consumer

28.     Under the FDCA, the term "false" has its usual meaning of "untruthful," while the term "misleading" is a term of art. Misbranding reaches not only false claims, but also those claims that might be technically true, but are still misleading. If any one representation in the labeling is misleading, the entire food is misbranded. No other statement in the labeling cures a misleading statement. "Misleading" is judged in reference to "the ignorant, the unthinking and the credulous who, when making a purchase, do not stop to analyze." *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 75 (9th Cir. 1951). Under the FDCA, it is not necessary to prove that anyone was actually misled. Consumer protection laws of the fifty states and the District of Columbia have substantially identical requirements as the FDCA.

29.     Defendant's misleading packaging practices were material to, and were relied upon, by Plaintiff and the Class. These practices would also be material to, and by relied upon by, a reasonable consumer, since reasonable consumers naturally attach considerable importance to the quality of the product they believe they are receiving. Plaintiff and the Class did not know, and had no reason to know, that the Product did not contain real white chocolate. Had Plaintiff and Class members known Defendant's Product did not contain real white chocolate, they would not have bought the Product.

30.     Defendant's Product labeling as alleged herein is deceptive and misleading and was designed to increase sales of the Products. Defendant's misrepresentations are part of its systematic Product labeling and packaging practices.

31.     Plaintiff and Class members were injured when they paid the full price of the Product and received an inferior Product than what was represented to them by Defendant. In order for Plaintiff and Class members to be made whole, Plaintiff and Class members would have to receive the equivalent of the purchase price of the Product, since the Product was not what they agreed to pay for.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff RUIZ brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class:

> All persons or entities in the United States who made retail purchases of Products during the applicable limitations period, and/or such subclasses as the Court may deem appropriate ("the Nationwide Class").[5]

In the alternative, Plaintiff seeks to represent a Class consisting of:

> All persons or entities who made retail purchases of the Product in New York during the applicable limitations period, and/or such subclasses as the Court may deem appropriate ("the New York Class").

---

[5] See Fitzhenry-Russell v. Dr. Pepper Snapple Grp., No. 17-cv-00564 NC, 2017 U.S. Dist. LEXIS 155654, at *15 (N.D. Cal. Sep. 22, 2017) ("Yet the Supreme Court did not extend its reasoning to bar the nonresident plaintiffs' claims here, and Bristol-Myers is meaningfully distinguishable based on that case concerning a mass tort action, in which each plaintiff was a named plaintiff.");In re Chinese-Manufactured Drywall Prods. Liab. Litig., No. 09-2047, 2017 U.S. Dist. LEXIS 197612, at *52-53 (E.D. La. Nov. 28, 2017) ("it is clear and beyond dispute that Congress has constitutional authority to shape federal court's jurisdiction beyond state lines to encompass nonresident parties" and interpreting Bristol-Meyers as barring nationwide class actions where jurisdiction over defendant is specific "would require plaintiffs to file fifty separate class actions in fifty or more separate district courts across the United States — in clear violation of congressional efforts at efficiency in the federal courts."); Horton v. USAA Cas. Ins. Co., 266 F.R.D. 360, 364 (D. Ariz. 2009) ("Objectors argue that this Court lacks jurisdiction to certify a nationwide

33.     The proposed Class excludes current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which they have or have had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

34.     Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

35.     This action is proper for Class treatment under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through the appropriate discovery, the Plaintiff believes that there are thousands of members in the proposed Class. Other members of the Class may be identified from records maintained by Defendant and may be notified of the pendency of this action by mail, or by advertisement, using the form of notice similar to that customarily used in class actions such as this.

36.     Plaintiff's claims are typical of those of the Class members because Plaintiff and the other Class members sustained damages arising out of the same wrongful conduct, as detailed herein. Plaintiff and other Class members purchased Defendant's Product and sustained similar injuries arising out of Defendant's conduct in violation of Federal and New York State law. Defendant's unlawful, unfair, and fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. The injuries of the Class were caused directly by Defendant's unfair and deceptive practices. In addition, the factual underpinning of Defendant's misconduct is common to all Class members

---

class. This argument is frivolous. A federal court applying Rule 23 of the Federal Rules of Civil Procedure may certify a nationwide class if the requirements for certification are satisfied.").

and represents a common thread of misconduct resulting in injury to all members of the Class. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories. Plaintiff will fairly and adequately protect the interests of the members of the Class in that Plaintiff has no interests antagonistic to those of the other members of the Class. Plaintiff have retained experienced and competent counsel.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class members may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually seek redress for the wrongful conduct alleged herein. If Class treatment of these claims were not available, Defendant would unfairly receive millions of dollars or more in improper charges.

38. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the common questions of law fact to the Classes are:

   i. Whether Defendant labeled, packaged, marketed, advertised and/or sold Product to Plaintiff and Class members, using false, misleading and/or deceptive packaging and labeling;

  ii. Whether Defendant's actions constitute violations of 21 U.S.C. § 343(c);

 iii. Whether Defendant omitted and/or misrepresented material facts in connection with the labeling, ingredients, marketing, advertising and/or sale of Products;

 iv. Whether Defendant's labeling, packaging, marketing, advertising and/or selling of Product constituted an unfair, unlawful or fraudulent practice;

  v. Whether, and to what extent, injunctive relief should be imposed on Defendant to prevent such conduct in the future;

vi.   Whether the members of the Class have sustained damages as a result of Defendant's wrongful conduct;

vii.  The appropriate measure of damages and/or other relief; and

viii. Whether Defendant should be enjoined from continuing their unlawful practices.

39.   The Class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class action.

40.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by any individual class member are too small to make it economically feasible for an individual class member to prosecute a separate action, and it is desirable for judicial efficiency to concentrate the litigation of the claims in this forum. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

41.   The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

42.   The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

43.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interest of all members of the Class, although certain Class members are not parties to such actions.

44.    Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSES OF ACTION

### COUNT I.

### INJUNCTION FOR VIOLATIONS OF THE NEW YORK DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (New York General Business Law § 349)

**(brought on behalf of the Nationwide Class, in conjunction with the substantively similar consumer protection laws of other states and the District of Columbia to the extent New York consumer protection laws are inapplicable to out-of-state Class members, or, in the alternative, on behalf of the New York Class)**

45.    Plaintiff RUIZ realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

46.    Plaintiff RUIZ brings this claim individually and on behalf of the other members of the Nationwide Class for an injunction for violations of New York's Deceptive Acts or Practices Law, General Business Law ("NY GBL") § 349.

47.     Alternatively, should the Court not certify Plaintiff's proposed Nationwide Class, Plaintiff brings this claim individually and on behalf of the members of the New York Class for an injunction for violations of New York's Deceptive Acts or Practices Law ("NY GBL § 349").

48.     NY GBL § 349 provides that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful."

49.     Under the New York Gen. Bus. Code § 349, it is not necessary to prove justifiable reliance. ("To the extent that the Appellate Division order imposed a reliance requirement on General Business Law [§] 349 . . . claims, it was error. Justifiable reliance by the plaintiff is not an element of the statutory claim." *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (N.Y. App. Div. 2012) (internal citations omitted)).

50.     The practices employed by Defendant, whereby Defendant advertises, promotes, markets and sells their Product as having white chocolate, are unfair, deceptive, misleading and are in violation of the NY GBL § 349. Moreover, New York State law broadly prohibits the misbranding of foods in language identical to that found in regulations promulgated pursuant to the FDCA § 403, 29 U.S.C. 343(d). Under New York Agm. Law § 201, "[f]ood shall be deemed to be misbranded ... If it is an imitation of another food, unless its label bears the word "imitation" and immediately thereafter the name of the food imitated in type of uniform size and equal prominence, followed by a statement showing the constituents thereof."

51.     Any person who has been injured by reason of any violation of the NY GBL § 349 may bring an action in their own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of

damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

52.     The practices employed by Defendant, in which they advertise, promote, and market their Product as having "White Chocolate" are unfair, deceptive, misleading, and in violation of the NY GBL § 349.

53.     The foregoing deceptive acts and practices were directed at consumers.

54.     Defendant should be enjoined from marketing the Product as having "White Chocolate" pursuant to NY GBL § 349.

55.     Plaintiff, on behalf of themselves and all others similarly situated, respectfully demand a judgment enjoining Defendant's conduct, awarding costs of this proceeding and attorneys' fees, as provided by NY GBL § 349, and such other relief as this Court deems just and proper.

## COUNT II.

### DAMAGES FOR VIOLATIONS OF THE NEW YORK DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (New York General Business Law § 349)

**(brought on behalf of the Nationwide Class, in conjunction with the substantively similar consumer protection laws of other states and the District of Columbia to the extent New York consumer protection laws are inapplicable to out-of-state Class members, or, in the alternative, on behalf of the New York Class)**

56.     Plaintiff RUIZ realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

57.     Plaintiff RUIZ brings this claim individually and on behalf of the other members of the Nationwide Class for violations of NY GBL § 349.

58.     Alternatively, should the Court not certify Plaintiff's proposed Nationwide Class, Plaintiff brings this claim individually and on behalf of the other members of the New York Class for Defendant's violations of NY GBL § 349.

59.     Any person who has been injured by reason of any violation of NY GBL § 349 may bring an action in their own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

60.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misbranding their Product as white chocolate Product, when they do not contain any white chocolate.

61.     The practices employed by Defendant, whereby Defendant advertises, promotes, markets and sells their Product as containing white chocolate, are unfair, deceptive and misleading and are in violation of the NY GBL § 349, New York Agm. Law § 201 and the FDCA, 21 U.S.C. § 343(c) in that said Product is misbranded.

62.     The foregoing deceptive acts and practices were directed at consumers.

63.     Plaintiff RUIZ and the other Class members suffered a loss as a result of Defendant's deceptive and unfair trade acts. Specifically, as a result of Defendant's deceptive and unfair acts and practices, Plaintiff RUIZ and the other Class members suffered monetary losses associated with the purchase of Product, i.e., receiving an inferior Product than the ones they agreed to purchase. In order for Plaintiff RUIZ and Class members to be made whole, they need to receive the value full amount that they paid for the Product.

## COUNT III.

## DAMAGES AND INJUCTIVE RELIEF FOR VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §§ 350 AND 350-a(1) (FALSE ADVERTISING)

**(brought on behalf of the Nationwide Class, in conjunction with the substantively similar consumer protection laws of other states and the District of Columbia to the extent New York consumer protection laws are inapplicable to out-of-state Class members, or, in the alternative, on behalf of the New York Class)**

64.     Plaintiff RUIZ realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

65.     Plaintiff RUIZ brings this claim individually and on behalf of the other members of the Nationwide Class for violations of NY GBL § 350.

66.     Alternatively, should the Court not certify Plaintiff's proposed Nationwide Class, Plaintiff brings this claim individually and on behalf of the other members of the New York Class for Defendant's violations of NY GBL § 350.

67.     Defendant is engaged in the "conduct of … business, trade or commerce" within the meaning of N.Y. Gen. Bus. Law § 350.

68.     New York Gen. Bus. Law § 350 makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce." False advertising includes "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in light of … representations [made] with respect to the commodity …" N.Y. Gen. Bus. Law § 350-a(1).

69.     Defendant caused to be made or disseminated through New York and the United States through advertising, marketing and other publications, statements that were untrue or misleading, and that were known, or which by the exercise of

reasonable care should have been known to Defendant, to be untrue and misleading to consumers.

70.    Defendant's affirmative misrepresentations and misrepresentations by way of omission, as described in this Complaint, were material and substantially uniform in content, presentation, and impact upon consumers at large. Consumers purchasing the products were and continue to be exposed to Defendant's material misrepresentations.

71.    Defendant violates N.Y. Gen. Bus. Law § 350 because the misrepresentations and/or omissions regarding the Product, as set forth above, were material and likely to deceive a reasonable consumer.

72.    Plaintiff RUIZ and Class members have suffered an injury, including the loss of money or property, as a result of Defendant's false and misleading advertising. In purchasing the Product, Plaintiff RUIZ and Class members relied on the misrepresentations and/or omissions relating to the quality of the Product. Those representations were false and/or misleading because the Product was advertised as white chocolate Products but did not contain white chocolate, denying Plaintiff RUIZ and the Class members the benefit of their bargain.

73.    Pursuant to N.Y. Gen. Bus. Law § 350-e, Plaintiff RUIZ and Class members seek monetary damages (including actual damages and minimum, punitive, or treble and/or statutory damages pursuant to GBL § 350-a(1)), injunctive relief, restitution and disgorgement of all monies obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

## COUNT IV

## COMMON LAW FRAUD

**(brought on behalf of the Nationwide Class, in conjunction with the substantively similar common law of other states and the District of Columbia to the extent New York common law is inapplicable to out-of-state Class members, or, in the alternative, on behalf of the New York Class)**

74.     Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs and further alleges as follows:

75.     Defendant intentionally makes materially false and misleading representations regarding the nature of the Product.

76.     Plaintiff and Class members reasonably relied on Defendant's false and misleading representations. They did not know, and had no reason to know, that the Product is not made of real white chocolate. They would not have purchased the Product had they known the truth.

77.     Defendant knew and intended that Plaintiff and the Class members would rely on its misrepresentations.

78.     Plaintiff and Class members have been injured as a result of Defendant's fraudulent conduct.

79.     Defendant is liable to Plaintiff and Class members for damages sustained as a result of Defendant's fraud.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendant as follows:

(A)     For an Order certifying the Nationwide Class or, in the alternative, the New York Class, and under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

(B)     For an Order declaring the Defendant's conduct violates the statutes referenced herein;

(C)     For an Order finding in favor of Plaintiff and members of the Class;

(D)     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(E)     For prejudgment interest on all amounts awarded;

(F)     For an Order of restitution and all other forms of equitable monetary relief;

(G)     For injunctive relief to repackage the Product without misleading labeling as pleaded or as the Court may deem proper;

(H)     For an Order awarding Plaintiff and members of the Class their reasonable attorneys' fees and expenses and costs of suit; and

(I)     For such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 8, 2018

Respectfully submitted,

By: _____ */s/ C.K. Lee*_____
    C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

# Exhibit A



# Exhibit B



WHITE CHOCOLATE 

**$7.99**   10% OFF FOR 1 FULL CASE (6 BAGS)

1   ADD TO CART

## TASTE, ACTIVATED

Our White Chocolate Superfood Nut Blend is a perfect pairing of vanilla and cacao butter with a hint of mesquite, along with the superfood goodness of raw cashews, sprouted almonds and energizing cacao nibs in every bite.

## PURE FOOD INGREDIENTS, NO WEIRD STUFF ADDED

Raw Cashews*, Clear Agave Nectar*, Sprouted Almonds*, Coconut Flour*, Cacao Nibs*, Cacao Butter*, Himalayan Crystal Salt, Vanilla Extract*, Mesquite Pod Powder*. *Certified Organic CONTAINS ALMONDS, CASHEWS AND COCONUT